UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RETHA RICHARDSON,

        Plaintiff,

    v.                          Case No:  3:16-cv-991-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.[1]

_____

## OPINION AND ORDER

Plaintiff, Retha Richardson, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382a(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on August 31, 2011, and an application for SSI on April 25, 2012. (Tr. 231-34, 235-41). In both applications Plaintiff alleged an onset date of December 9, 2008. (Tr. 88-89). Plaintiff's applications were denied initially on January 19, 2012, and upon reconsideration on April 3, 2012. (Tr. 150-54, 159-63). At Plaintiff's request, a hearing was held before Administrative Law Judge Teresa J. McGarry ("the ALJ") on June 25, 2013. (Tr. 82-120). On September 13, 2013, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 65-76). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on July 11, 2016. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on August 3, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 9, 2008, the alleged onset date. (Tr. 67). At step two,

the ALJ found that Plaintiff had the following severe impairments: thyroid dysfunction, degenerative spondylosis of the lumbar spine and Raynaud's disease. (Tr. 67). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 70).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> lift carry 10 pounds frequently and 20 pounds occasionally; and, in an 8-hour workday, sit, stand, and walk up to 8 hours each. She can never climb ropes, ladders, or scaffolds, but can occasionally climb ramps and stairs, and occasionally balance, bend, stoop, squat, crouch, crawl, and kneel. She may frequently, but not constantly, feel, finger, and grip; and has no other restrictions on the use of her hands, arms, and shoulders. The claimant has no restrictions in her ability to see, speak, or hear. The claimant must avoid heights, vibrations, humidity, and extreme cold and heat.

(Tr. 71). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as an insurance clerk, insurance sales agent, and case aide as this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 75). In reaching this finding the ALJ relied on the testimony of a vocational expert. (Tr. 75). The ALJ concluded that Plaintiff was not under a disability since December 9, 2008, the alleged onset date, through the date of the decision. (Tr. 75).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by improperly evaluating the medical evidence of record, and (2) whether the ALJ erred by not properly considering the combined effects of Plaintiff's impairments. The Court will address each issue in turn.


### A) Whether the ALJ erred by improperly evaluating the medical evidence of record.

Plaintiff argues that the ALJ erred by rejecting the opinion of Plaintiff's treating physician George L. Restea, M.D., and by failing to state the weight accorded to the opinion of state agency evaluator William V. Choisser, M.D. (Doc. 16 p. 5-9). In response, Defendant argues that substantial evidence supports the ALJ's finding that Dr. Restea's opinions were entitled to no weight. (Doc. 15 p. 5). In addition, Defendant argues that the ALJ did not fail to weigh an opinion from Dr. Choisser because Dr. Choisser provided no assessment of Plaintiff's ability to perform work related activities. (Doc. 17 p. 9).

The Court begins with Dr. Restea's opinions. The record shows that Dr. Restea completed two evaluations: a physical evaluation dated October 11, 2012, and a mental evaluation dated June 24, 2013. (Tr. 447, 450-53). In the physical examination, Dr. Restea found that Plaintiff could lift and/or carry 5 pounds occasionally and 1 pound frequently in a normal workday, sit for 2-3 hours in an 8 hour workday, stand/walk for 2 hours in an 8 hour workday, sit for 1 hour at one time before needing to move around, and stand/walk for 30-40 minutes at one time before needing to sit. (Tr. 447). Dr. Restea opined that Plaintiff would need to alternate between sitting and standing to relieve pain or discomfort periodically every 30 minutes. (Tr. 447). Dr. Restea found that Plaintiff should avoid the cold due to her Reynaud's syndrome. (Tr. 447). Dr. Restea found that Plaintiff can never work with or around hazardous machinery, rarely climb stairs and ladders, balance, grasp, twist, handle, use fine manipulation, bend and stoop, reach, and operate motor vehicles. (Tr. 447). Dr. Restea indicated that Plaintiff would be absent from work more than four days per month due to her impairments and that her pain and other symptoms would be constantly so severe as to interfere with the attention and concentration needed to perform even simple work tasks. (Tr. 447). Dr. Restea found that Plaintiff would require periods of time where she must lay down or elevate her legs to alleviate pain. (Tr. 447).

In the mental evaluation, Dr. Restea opined that Plaintiff would have moderate limitations in the ability to remember work-like procedures; marked limitations in the ability to understand and remember very short and simple instructions, carry out very short and simple instructions, make simple work-related decision, ask simple questions or request assistance, and respond appropriately to changes in a routine work setting; and extreme limitations in the ability to maintain attention for two hour segment, maintain regular attendance and be punctual with customary, usually strict tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being unduly distracted, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instruction sand respond appropriately to criticism from supervisors get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, deal with normal work stress, and be aware of normal hazards and take appropriate precautions. (Tr. 452). Dr. Restea opined that Plaintiff had extreme limitations in restriction on activities of daily living, difficulties in maintaining social functioning, and deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. (Tr. 543). Dr. Restea found that Plaintiff would have four or more episodes of deterioration or decompensation in work or work-like settings which cause Plaintiff to withdraw from that situation or to experience exacerbation of signs and symptoms. (Tr. 453). Dr. Restea found that Plaintiff would be unable to complete an 8-hour work day as a result of her mental impairments. (Tr. 453).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that

whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the ALJ explained the weight he accorded to Dr. Restea's opinions as follows:

> Dr. Restea, the claimant's primary care provider, completed Medical Sources Statements with noted limitations that would preclude all work activity (Exhibits 12F and 14F). While Dr. Restea has been a treating doctor of the claimant for a number of years, a thorough review of his treatment records fails to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness. The Couse of treatment pursued by Dr. Restea has not been consistent with what one would expect given his reports of the claimant's limitations. Instead, his records reflect only routine following, conservative treatment without referrals to specialists for further evaluation or treatment, and very little variation in the treatment regimen. His notes indicate adequate symptom control per the claimant's reports.

Accordingly, as Dr. Restea's opinions and conclusions are not supported by his own treatment records, are inconsistent with the abilities and capacities demonstrated by the claimant's in her routine activities, and are not bolstered by the other substantive evidence of record, I give limited weight to his opinions.

(Tr. 74).

In this case, the Court finds that substantial evidence supports the ALJ's determination that Dr. Restea's opinions were entitled to only limited weight. As the ALJ noted, Dr. Restea failed to provide a sufficient explanation for his opinion, and neither his treatment records nor the records from Physicians Care of Keystone include objective medical findings to support his opinion. (Tr. 74, 373-416, 423-27, 429-46, 447, 448-49, 450-53, 454-68). Moreover, Dr. Restea's treatment of Plaintiff was not the kind of treatment one would expect for impairments allegedly of disabling severity. (Tr. 373-416, 423-27, 429-46, 447, 448-49, 450-53, 454-68). Dr. Restea's routine and conservative treatment of Plaintiff provides further evidence to support the ALJ's decision to give no weight to Dr. Restea's opinion.

Likewise, the Court finds that the ALJ committed no error in his consideration of the records from Dr. Choisser. In his decision, the ALJ discussed Dr. Choisser's examination findings, stating that "[a]t the December 2011 consultative examination, the claimant demonstrated substantially reduced range of motion of the lumbar spine, but no paravertebral muscle spasm was noted . . . [n]o major pain, swelling, heat, or redness of any joint of the extremities was noted, and pulses and reflexes were 5/5 and equal in all four extremities (Exhibit 6F)." (Tr. 73). Further, the ALJ noted that Dr. Choisser's notes showed that Plaintiff's "grip and fine dexterity were 4/5 and equal bilaterally, but indicated some difficulty with sustained fine dexterity tasks (Exhibit 6F)." (Tr. 73).

The Court rejects Plaintiff's argument that the ALJ committed reversible error by failing to state the weight he accorded Dr. Choisser's findings. While Dr. Choisser made examination findings, he did not offer an opinion concerning Plaintiff's ability to perform work-related activities. The statement that Plaintiff cannot sit, stand, or walk for prolonged periods of time is contained in the section before Dr. Choisser's physical examination findings and appears to be a summary of Plaintiff's subjective complaints.

Plaintiff has failed to show that the ALJ erred in her consideration of the medical evidence of record. Accordingly, the Court will not disturb the ALJ's findings on review.

**B) Whether the ALJ erred by not properly considering the combined effects of Plaintiff's impairments.**

Plaintiff argues that the ALJ erred by failing to consider the combined effects of Plaintiff's impairments, specifically the effect headaches would have on Plaintiff's concentration, persistence, or pace. (Doc. 16 p. 10). Plaintiff also contends that the ALJ never discussed the effects of Plaintiff's pain on Plaintiff's ability to work. (Doc. 16 p. 10). Defendant responds that the ALJ properly considered Plaintiff's impairments in combination and her subjective complaints of disabling symptoms in her RFC assessment. (Doc. 17 p. 10).

The Court finds that the ALJ did not err by failing to consider the combined effects of Plaintiff's impairments. The ALJ's decision reflects that she properly considered Plaintiff's impairments as a whole in evaluating her claim (Tr. 65-76). Moreover, the ALJ found at step three of the sequential evaluation process that Plaintiff did not have "an impairment or a combination of impairments" that met or equaled a listed impairment, and he stated he considered all of Plaintiff's symptoms (Tr. 70). The ALJ's statements provide sufficient evidence that she considered the combined effect of Plaintiff's impairments. *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014) (citing *Wilson*, 284 F.3d at 1224-25, and *Jones v. Dep't of*

*Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991)). Substantial evidence supports the ALJ's assessment of Plaintiff's RFC, and Plaintiff failed to show that her impairments, singly or in combination, caused additional limitations on her ability to work.

Further, Plaintiff's argument that the ALJ failed to consider Plaintiff's subjective complaints of pain is without merit. The ALJ's decision reveals that the ALJ properly analyzed Plaintiff's subjective complaints of pain and gave proper reasons for finding her allegations regarding her limitations not entirely credible according to the regulations and rulings (Tr. 71-74). The ALJ applied the Eleventh Circuit pain standard and provided substantial evidence for finding Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely credible." (Tr. 72-74).

Finally, the Court finds that the ALJ did not err by failing to consider Plaintiff's headaches. The ALJ noted that "[p]rimary care notes reflect the claimant's headache condition, but the claimant testified that these occur only every few months, and her headaches the morning of the hearing lasted only 45 minutes." (Tr. 68). In addition, the ALJ noted that Plaintiff testified that "her headaches are effectively controlled with medication." (Tr. 68).

## III. Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties